IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **VINCENT D. DIFELICE, on behalf of himself and all others similarly situated,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**U.S. AIRWAYS, INC.** )<br>)<br>**Defendant.** ) | Case No. 1:04cv889 |

### ORDER

The matter is before the Court on defendant US Airways, Inc.'s ("US Airways") motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay proceedings. At issue is whether it is appropriate to certify for interlocutory appeal two aspects of the Court's October 19, 2005 Memorandum Opinion ("Opinion") issued in connection with the Order of the same date denying in part US Airways' summary judgment motion. The two aspects concern the application of ERISA §§ 404(a) and 404(c) to this case. US Airways contends that the Court's holding in the Opinion that ERISA § 404(c) does not act as a bar to claims based on the breach of a fiduciary's duty under ERISA § 404(a) in selecting investment options for a 401(k) plan, is a question of "overarching importance" about which there are "substantial grounds for difference of opinion." US Airways also seeks review of the Court's holding that ERISA fiduciaries are not entitled to a "presumption of prudence" in deciding to hold employer securities in a 401(k) plan. For the reasons that follow, neither ruling satisfies the § 1292(b) standard for interlocutory appeal.

The standard for granting an interlocutory appeal is well-settled. To grant an

interlocutory appeal, a district court must certify that the order sought to be appealed: "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b). This language has been construed as granting district courts "circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 46 (1995). It is also settled that because § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed. *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Put differently, the certification of an interlocutory appeal requires "exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments." *Terry v. June*, 368 F.Supp.2d 538, 539 (W.D.Va. 2005) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). And consistent with this principle, the Fourth Circuit has made clear that "certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished); *see also KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd.*, 250 B.R. 74, 78 (E.D.Va. 2000).

      Although both questions for which US Airways seeks certification are pure questions of law, it is far from certain that the termination of this litigation would be expedited by an immediate appeal that led to a contrary result on either issue. An appellate decision that

ERISA § 404(c) applies to a fiduciary's selection and retention of plan investment choices would not end the litigation, as this Court did not reach, and the parties hotly dispute, whether US Airways has met the requirements entitling it to the 404(c) defense. Thus, even if § 404(c) were held applicable after an appeal, it would still be necessary to litigate whether the US Airways 401(k) plan satisfies the requirements set forth in the regulations. *See DiFelice v. U.S. Airways, Inc.,* 2005 WL 2674994, at *12 (E.D.Va. 2005) ("The question whether the Plan satisfies these detailed requirements is not without some complexity. In the end, however, this question need not be addressed . . . .").

Likewise, a determination by the Court of Appeals that US Airways' decision to retain its stock as a 401(k) plan investment option is entitled to a "presumption of prudence," would also not end the litigation, as a determination based on this new standard would still be required. *See Moench v. Robertson*, 62 F.3d 553, 571 (3rd Cir. 1995) ("However, the plaintiff may overcome that presumption by establishing that the fiduciary abused its discretion by investing in employer securities.").

Nor has US Airways demonstrated that there is "substantial ground for disagreement" on the questions it seeks to have certified. In this regard, US Airways relies heavily on the Third Circuit's decision in *In re Unisys Savings Plan Litig*, 74 F.3d 420 (3d Cir. 1996), to show that there is substantial ground for disagreement on the § 404(c) issue decided in the Opinion. This reliance is misplaced. As noted in the Opinion, the Third Circuit addressed the specific question whether § 404(c) shields a fiduciary from providing imprudent investment choices only in dictum, and did not decide the issue with the benefit of the Department of Labor's (DOL's) regulations in considering this issue. *See DiFelice v. US Airways, Inc.,* 2005

WL 2674994 at *14 (E.D.Va. 2005) (citing *In re Unisys*, 74 F.3d. at 444-45 & n. 21). *In re Unisys*, therefore, is not as persuasive on this point as US Airways argues. More significant on this issue is that every court to consider this issue with the benefit of the DOL regulations has reached the same result reached in the Opinion.[1]

In addition to the *In re Unisys* decision, US Airways also points to example 5 of the DOL Regulations[2] arguing that the example supports the conclusion that § 404(c) shields US Airways from liability in this case. US Airways misreads this example; it does not support US Airways' position as it focuses on individual investor choices, whereas this case was brought on behalf of the plan to recover losses to the plan as a whole caused by US Airways' allegedly imprudent selection of investment options for plan participants. *See* 29 U.S.C. § 1109(a). Moreover, it strains credulity to suggest that example 5 represents a contrary interpretation to that contained in the preamble of the same regulations or that the DOL has

---

[1] *See, e.g., In re Electronic Data Systems Corp. "ERISA" Litigation*, 224 F.R.D. 613, 625 (E.D.Tex. 2004)("Thus, the 404(c) defense is inapplicable to shield plan fiduciaries from liability for imprudently selecting the plan's investment options and overseeing their performance."); *In re Dynergy, Inc. ERISA Litig.*, 309 F.Supp.2d 861, 893-94 (S.D.Tex. 2004) (holding that 404(c) is not applicable to claims of breach for failure to prudently manage investments); *In re Enron Corp. Securities, Derivative & ERISA Litig.*, 284 F.Supp.2d 511, 578-79 (S.D.Tex. 2003) (same).

[2] This example states as follows:

(5)   A participant, P, independently exercises control over assets in his individual account plan by directing a plan fiduciary, F, to invest 100% of his account balance in a single stock. P is not a fiduciary with respect to the plan by reason of his exercise of control and F will not be liable for any losses that necessarily result from P's investment instruction.

29 C.F.R. § 2550.404c-1(f)(5).

consistently misinterpreted its own regulations since then by repeatedly declaring that § 404(c) does not protect a fiduciary from liability for imprudent selection of investment choices. *See See DeFelice v. US Airways, Inc.,* ___ F.Supp.2d ___, 2005 WL 2674994, at *13 & n. 18 (E.D.Va. 2005) (citing numerous examples of the DOL's interpretation of § 404(c) as inapplicable to fiduciary investment decisions); *see also*, *Thomas Jefferson University v. Shalala*, 512 U.S. 504, 512 (1994) ("We must give substantial deference to an agency's interpretation of its own regulations."). In sum, US Airways has not presented evidence of a "substantial ground for disagreement" regarding the Court's interpretation of § 404(c).

US Airways also contends that there is a "substantial ground for disagreement" as to whether a "presumption of prudence" applies to a fiduciary's decision to invest in employer securities. In this respect, US Airways' motion relies heavily on the Third Circuit's decision in *Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995), that "an ESOP fiduciary who invests the assets in employer stock is entitled to a presumption that it acted consistently with ERISA by virtue of that decision." *Id.* at 571. Yet, US Airways does not squarely confront the recent Third Circuit decision, upon which the Opinion relies,[3] that expressly declines to extend this presumption to the fiduciary of an eligible individual account plan ("EIAP"), like the plan at issue. *See In re Schering-Plough Corp. ERISA Litig.,* 420 F.3d 231, 238 (3rd Cir.2005) (declining to extend *Moench's* presumption of prudence to an EIAP that allows participants to invest in employer securities). The Third Circuit's decision in *Schering-Plough* clearly

---

[3] *See Difelice v. U.S. Airways, Inc.*, 2005 WL 2674994, *16 n. 15 (E.D.Va. 2005).

distinguishes ESOPs, which are "designed to invest primarily in qualifying securities,"[4] from EIAPs which are designed to provide opportunities for savings and investment, and need not include company stock as an investment option. *Id.* at 236. It follows from this that the *Moench* decision and its progeny do not furnish a "substantial ground" for disagreement with the Opinion's conclusion on § 404(a).

In any event, it is unlikely that certification of an interlocutory appeal will "materially advance the ultimate termination of the litigation." As noted, no Court of Appeals decision is likely to resolve all remaining issues in the litigation; instead, an interlocutory appeal will simply add unnecessary delay and cost to the resolution of the remaining issues in this case. Finally, the final pretrial conference in this matter has been set for April 20, 2006, and the bench trial for May 15, 2006. Thus, it is likely that this case will be fully litigated in the district court before the conclusion of any interlocutory appeal. And importantly, the full factual record developed at trial will greatly enhance the ultimate review of all the issues in the Court of Appeals.

Accordingly, and for good cause,

It is hereby **ORDERED** that defendant US Airways' motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay proceedings is **DENIED.**

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
December 12, 2005

_____/s/_____
T. S. Ellis, III
United States District Judge

---

[4] *See* 29 U.S.C. § 1107.