## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **VINCENT D. DIFELICE, on behalf of** | ) | |
| **himself and all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:04cv889** |
| | ) | |
| **U.S. AIRWAYS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

The matter is before the Court on defendant US Airways, Inc.'s motion for
reconsideration of the Court's March 22, 2006 Memorandum Opinion and Order certifying a
class of plaintiffs. *See DiFelice v. US Airways*, *Inc.*, Case No. 04CV889, 2006 WL 763657
(E.D.Va. March 22, 2006); *DiFelice v. US Airways*, *Inc.*, Case No. 04CV889 (E.D.Va. March
22, 2006) (order granting motion for class certification). Motions for reconsideration should
not be filed on counsel's whim or routinely after an adverse judgment. To the contrary, Rule
60, Fed.R.Civ.P. lists six specific grounds that might justify such a motion.[1] And importantly,

---

[1] The six grounds warranting reconsideration of a judgment or order are, as follows:

(1)   mistake, inadvertence, surprise or excusable neglect;
(2)   newly discovered evidence which by due diligence could not have been
       discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether heretofore denominated intrinsic or extrinsic),
       misrepresentation, or other misconduct of an adverse party;
(4)   the judgment is void;
(5)   the judgment has been satisfied, released, or discharged, or a prior judgment
       upon which it is based has been reversed or otherwise vacated, or it is no
       longer equitable that the judgment should have prospective application; or
(6)   any other reason justifying relief from the operation of the judgment.

as the Fourth Circuit has made clear: "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue" already decided by an earlier Order of the Court.  *See CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).

US Airways sets forth two bases for its motion for reconsideration: (1) that the Court's Memorandum Opinion overlooked relevant legal authority holding that injury to the Plan is not sufficient to establish Article III standing; and (2) that the Court erred in concluding that DiFelice had Article III standing to sue on behalf of the Plan before April 24, 2002.

With respect to US Airways' first argument, US Airways is flatly mistaken; the Court did not overlook the "relevant legal authority" holding that injury to the Plan was not, by itself, sufficient to establish Article III standing for a Plan participant to bring an action on behalf of the Plan.  To the contrary, the Court, *sua sponte*, cited the very cases US Airways relies on in the motion for reconsideration and noted that although the parties appeared to assume that injury to the Plan alone was sufficient to establish standing, DiFelice had also demonstrated injury-in-fact, and therefore it is "unnecessary to resolve whether the plaintiff bringing the action on behalf of the Plan must have also suffered injury-in-fact."  *See DiFelice v. US Airways, Inc.*, Case No. 04CV889, 2006 WL 763657, at *2 n.3 (E.D.Va. March 22, 2006) (citing *Harley v. Minnesota Mining and Mfg. Co.*, 284 F.3d 901, 906 (8th Cir.2002) *cert. denied*, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003); *Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 200 (2d Cir.2005)).  Again, it is important to note that the authority cited in

---

*See* Rule 60(b), Fed.R.Civ.P.

footnote three of the Court's Memorandum Opinion is the very authority cited by US Airways in its motion for reconsideration, which it claims the Court overlooked. Thus, the Court's Memorandum Opinion on class certification clearly *did not* "overlook" relevant legal authority; it simply held that the resolution of this legal issue was immaterial to the standing analysis since both the Plan and the class plaintiff had demonstrated loss sufficient for Article III standing purposes.

US Airways' second basis for its motion for reconsideration is that the Court made an error of fact when it determined that the Company Stock Fund had underperformed as compared to a prudent investment. In fact, argues US Airways, the Company Stock Fund out-performed other prudent investments during the period from October 30, 2001 to March 7, 2002. Therefore, according to US Airways, DiFelice did not sustain the injury-in-fact required for Article III standing until he reinvested in the Company Stock Fund on April 24, 2002. Although styled as an error of fact, US Airways actually makes a legal argument that "*a class period cannot begin before the date of injury to a purported class representative.*" *See* US Airways' Memorandum of Law in Support of Its Motion for Reconsideration, at 7 (emphasis in original). This argument was squarely addressed in the Court's original Memorandum Opinion on class certification:

> US Airways' attempt to tie the class period to the timing of DiFelice's individual investment in the Company Stock Fund is not appropriate. DiFelice is not required to demonstrate his personal standing at all points throughout the class period in order to satisfy Article III's case or controversy requirement.

*DiFelice v. U.S. Airways, Inc.*, Case No. 04CV889, 2006 WL 763657, at *8 (E.D.Va. March 22, 2006) (citing *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir.1998)).

It is clear therefore that the Court squarely addressed this issue in the Memorandum Opinion and that US Airways simply disagrees with this legal conclusion, a position for which it cites no pertinent supporting legal authority.[2]  The precise point in time at which the Company Stock Fund became an imprudent investment, if ever, is a hotly disputed factual issue to be determined at trial.  It is undisputed that both DiFelice and the Plan suffered an injury-in-fact during the class period sufficient to satisfy Article III's case or controversy requirement.  US Airways' apparent disagreement with the Court's holding that a class representative need not have suffered injury throughout the class period in order to have constitutional standing is not a sufficient ground for a motion for reconsideration.

In sum, US Airways' motion for reconsideration has no merit.  US Airways' first argument simply reflects a failure to read the Memorandum Opinion carefully, as does the second argument, which also simply reflects a disagreement about the controlling legal principles.  The motion for reconsideration must therefore be denied.

Accordingly, and for good cause,

It is hereby **ORDERED** that US Airways' motion for reconsideration [Docket # 166] is **DENIED**.

---

[2] The authority cited by US Airways stands for the proposition that a Plan participant who suffered no injury may not bring an action on behalf of a Plan; it does not address the present situation where the class representative did suffer a loss, though only during a part of the class period.  *See Harley v. Minnesota Mining and Mfg. Co.*, 284 F.3d 901, 906 (8th Cir.2002) *cert. denied*, 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003).

The Clerk is directed to send a copy of this Order to all counsel of record.

_____/s/_____

Alexandria, Virginia                                    T. S. Ellis, III
April 17, 2006                                          United States District Judge